Davey T. Kim (State Bar No. 209676)
dkim2@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6112
Fax: (844) 571-3789

Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TST BROTHERS INC.; TST BROTHERS GROUP, INC.; and LIZBETH JOSEFINA OLGUIN CASTELLON,<br><br>Defendants. | Case No.:<br><br>**NORTHFIELD INSURANCE COMPANY'S COMPLAINT FOR:**<br>**(1) DECLARATORY RELIEF;**<br>**(2) REIMBURSEMENT UNDER *BUSS*;**<br>**(3) REIMBURSEMENT UNDER *BLUE RIDGE*** |

Plaintiff NORTHFIELD INSURANCE COMPANY alleges and avers as follows:

**<u>THE PARTIES</u>**

1. Plaintiff Northfield Insurance Company ("Northfield") is, and at all relevant times was, an Iowa corporation with its principal place of business in Hartford, Connecticut.

2. Northfield is informed and believes and thereon alleges that defendant TST Brothers Inc. ("TST Brothers Inc.") is, and at all relevant times was, a corporation organized under the laws of the State of California, having its principal place of business in the State of California, and is authorized to conduct business in the State of California.

3. Northfield is informed and believes and thereon alleges that defendant TST Brothers Group, Inc. ("TST Brothers Group, Inc.") is, and at all relevant times was, a corporation organized under the laws of the State of California, having its principal place of business in the State of California, and is authorized to conduct business in the State of California.

4. Northfield is informed and believes and thereon alleges that defendant Lizbeth Josefina Olguin Castellon ("Castellon") is, and at all relevant times was, an individual residing in the State of California.

## **JURISDICTION AND VENUE**

5. This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Central District of California.

## **BACKGROUND FACTS**

### **The Underlying Action**

7. On June 6, 2024, Castellon filed a complaint in an action entitled *Lizbeth Josefina Olguin Castellon v. Andrew Butler, et al,* in The Superior Court of the State of California, County of Los Angeles under case number 24STCV14324 (the "Underlying Action"). Castellon thereafter filed Amendment to Complaint on

October 14, 2025 in the Underlying Action ("Operative Complaint"). Castellon's Operative Complaint names Andrew Butler, Hubert William Bramble III individually and DBA Special Services Tactical Group, Special Services Tactical Group, Rudy Panameno and TST Brothers Group, Inc.[1] as defendants, alleging causes of action for (1) Assault and Battery, (2) Intentional Infliction of Emotional Distress, (3) General Negligence, and (4) Negligent Hiring, Supervision and Retention of Employee. A true and correct copy of the Operative Complaint is attached as **Exhibit 1**.

8. In the Underlying Action, Castellon alleges, on July 31, 2022, she was a lawful patron waiting in line to enter TST Brothers Group, Inc.'s premises, Treehouse Rooftop located at 686 N. Spring Street, Los Angeles, CA 90012 ("Premises"), wherein defendant Andrew Butler ("Butler"), who was allegedly employed by TST Brothers Group, Inc. as a security guard on duty at the Premises, pulled out his knife and stabbed Castellon multiple times. As a result of the assault and battery alleged against Butler by Castellon, Castellon sustained bodily injuries, including general and special damages.

9. Castellon alleges TST Brothers Group, Inc. is vicariously liable for the wrongful and tortious acts, i.e., assault and battery, of the other defendants, and names TST Brothers Group, Inc. in her third cause of action for General Negligence and fourth cause of action for Negligent Hiring, Supervision and Retention of Employee.

10. Northfield is informed and believes and thereon alleges that Castellon prays for actual damages, general damages, special damage of approximately $85,000 and punitive damages against all defendants.

11. Because Castellon has filed her Operative Complaint in the Underlying Action against TST Brothers Group, Inc., and seeks an award of damages against TST Brothers Group, Inc., Castellon is a party interested in the outcome of this declaratory

[1] Northfield is informed and believes and thereon alleges that TST Brothers Inc. is not named as a defendant and only TST Brothers Group, Inc. is named as a defendant.

action and is so situated that disposing of the action in its absence may leave Northfield subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Castellon, therefore, is a necessary and proper party to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

## The Northfield Policy

12. Northfield issued a Commercial Insurance Policy, including commercial general liability coverage, to TST Brothers Inc.  under policy number WS494239 for the policy period of February 25, 2022 to February 25, 2023 (the "Northfield Policy"). TST Brothers Group, Inc. is not listed, not identified and not designated in the Declarations and under Section II – WHO IS AN INSURED in the Northfield Policy as an insured.

13. The Northfield Policy provides in pertinent part, including the following section entitled following form **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07), SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** which states:

1. **Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;…

* * *

The Northfield Policy defines "bodily injury" as:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

The Northfield Policy defines "occurrence" as:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

14. The Northfield Policy includes, inter alia, the following endorsement **EXCLUSION – ASSAULT OR BATTERY, S23-CG (3/19)** which states:

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

1. The following exclusion is added to Paragraph **2., Exclusions, of SECTION I - COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

**Assault Or Battery**

"Bodily injury" or "property damage" arising out of any act of "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such "assault" or "battery".

2. The following exclusion is added to Paragraph **2., Exclusions, of SECTION I - COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

**Assault Or Battery**

"Bodily injury" or "property damage" arising out of any act of "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such "assault" or "battery".

3. The following is added to the **DEFINITIONS** Section:

"Assault" means any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected.

* * *

15. The Northfield Policy also includes, inter alia, the following endorsement **COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS, S2584D-CG (9/07), which states:**

**Loc. # Address of All Premises (including Zip Code) That You Own, Rent or Occupy**

001 686 N. Spring St Unit 202 Los Angeles CA 90012

* * *

16. The Northfield Policy also includes, inter alia, the following endorsement **EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES, S43-CG (01/14),** which states:

This endorsement modifies insurance provided under the following COMMERCIAL GENERAL LIABILITY COVERAGE PART:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

This insurance does not apply to punitive or exemplary damages, fines, penalties or multiplied damages.

* * *

**<u>Notice of the Underlying Action</u>**

17. Northfield is informed and believes that TST Brothers Inc. tendered its

defense of the Underlying Action to Northfield.

18. In response to notice to Northfield, in or about January 14, 2024, Northfield issued a reservation of rights letter to TST Brothers Inc., stating *"We are providing you [TST Brothers Inc.] with a defense for the entire lawsuit*[2] *under the Commercial General Liability Coverage Form of the policy; however, we are further reserving our rights to later withdraw from the defense of this action at any time and seek reimbursement of defense costs incurred in the defense of any claims or causes of action which are determined not to be covered under the policy. Northfield also reserves its reimbursement rights under California law, including the cases of Buss v. Superior Court, 16 Cal.4th 35 (1997); Scottsdale Ins. Co. v. MV Transportation, 36 Cal.4th 643 (2005); and Blue Ridge Ins. Co. v. Jacobsen, 25 Cal.4th 489 (2001)."* Also, Northfield is reserving rights, inter alia, (1) to disclaim coverage for any injuries or damages claimed against TST, if Northfield determines that the alleged "bodily injury" or "property damage" arises out of an act of "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such "assault" or "battery", such that endorsement **EXCLUSION – ASSAULT OR BATTERY, S23-CG (3/19)** applies to preclude coverage; (2) to disclaim coverage for any injuries or damages claimed against TST, if Northfield determine that the "bodily injury" did not occur on the premises shown in the Schedule or the grounds and structures appurtenant to those premises, exclusion **LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR OPERATION, CG 21 44 (04/17)** applies to preclude coverage for this loss, and (3)

[2] Northfield is informed and believes that the Underlying Action is unclear as to the name of the defendant. Castellon identified "TST Brothers" as the defendant in the Underlying Action. Northfield is informed and believes that "TST Brothers" refers to the non-insured TST Brothers Group, Inc. and not the insured TST Brothers Inc. For purpose of this complaint, TST Brothers Inc. and TST Brothers Group, Inc. are jointly identified as "TST" when identified and discussed jointly herein.

to disclaim coverage for any punitive or exemplary damages, fines, penalties or multiplied damages should they be awarded against TST. Subject to reservation of rights, Northfield appointed counsel to defend TST in the Underlying Action.

19. Northfield is informed and believes and thereon alleges that TST and Castellon contend that Northfield must defend and indemnify TST against the Underlying Action.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Against All Defendants)

20. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. An actual and justiciable controversy has arisen between Northfield and TST in that TST contend, and Northfield disputes, that Northfield is obligated to defend and indemnify TST under the Northfield Policy against the Underlying Action.

22. Northfield contends, and TST dispute, that Northfield has no obligation to defend and indemnify TST with respect to any damages alleged and that may be awarded to Castellon in the Underlying Action under the Northfield Policy. Northfield contends it has no such obligation to defend and indemnify TST Brothers Inc. in the Underlying Action because TST Brothers Inc. is not named as a defendant in that Underlying Action. Also, Northfield contends that it has no such obligation to defend and indemnify TST Brothers Group, Inc. in the Underlying Action because TST Brothers Group, Inc. is not an insured under the Northfield Policy.

23. Also, Northfield contends, and TST dispute, that Northfield has no obligation to defend and indemnify TST with respect to any damages alleged and that may be awarded to Castellon in the Underlying Action under the Northfield Policy. Northfield contends it has no such obligation to defend and indemnify TST based upon the terms, conditions, definitions and exclusions contained in the Northfield Policy.

24. Northfield asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligations as between Northfield and TST under the provisions of the Northfield Policy.

25. Northfield requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to the Northfield Policy.

26. Northfield further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

**SECOND CAUSE OF ACTION FOR REIMBURSEMENT**

**(Against TST)**

27. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. Northfield has paid, and continues to pay, certain defense fees and costs incurred by TST in defense of the Underlying Action. Northfield agreed to participate in the defense of TST, subject to a reservation of rights, including but not limited to a reservation of the right to seek reimbursement for the fees and costs incurred in the defense of TST that are not covered by the Northfield Policy.

29. Northfield is entitled to reimbursement from TST of the defense fees and costs it incurred in defending TST that are recoverable pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

**THIRD CAUSE OF ACTION FOR REIMBURSEMENT**

**(Against TST)**

30. Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. To the extent that Northfield has paid Castellon an amount to be determined in order to get a release and dismissal of TST in the Underlying Action, Northfield agreed to participate in the defense and indemnity of TST, subject to a reservation of rights, including but not limited to a reservation of the right to seek reimbursement for indemnity payment made on behalf of TST that are not covered by the Northfield Policy.

32. Northfield is entitled to reimbursement from TST of the indemnity payment in defending TST that are recoverable pursuant to *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

**PRAYER**

WHEREFORE, Northfield prays for judgment as follows:

1. For a judicial determination that TST Brothers Group, Inc. is not an insured under the Northfield Policy;

2. For a judicial determination that Northfield is not obligated to defend and indemnify TST (specifically, TST Brothers Inc. and/or TST Brothers Group, Inc.) under the Northfield Policy;

3. For a judicial determination that there is no coverage under the Northfield Policy for the Underlying Action or any damage or judgment arising therefrom;

4. For a judicial determination that Northfield is not liable to pay or satisfy any claims, judgments, or awards in the Underlying Action;

5. For reimbursement against TST (specifically, TST Brothers Inc. and/or TST Brothers Group, Inc.) of the defense fees and costs incurred by Northfield in the defense of TST (specifically, TST Brothers Inc. and/or TST Brothers Group, Inc.) against the Underlying Action that are recoverable under *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

6. For reimbursement against TST (specifically, TST Brothers Inc. and/or TST Brothers Group, Inc.) of the indemnity payment if made by Northfield to

Castellon in order to get a release and dismissal of TST (specifically, TST Brothers Inc. and/or TST Brothers Group, Inc.) in the Underlying Action that are recoverable under *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

Dated: January 6, 2026 USERY & ASSOCIATES

By ***/s/ Davey T. Kim***
Davey T. Kim
Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY